UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL,

        Petitioner,               Case Number: 2:13-CV-14381

v.                                    HONORABLE GERALD E. ROSEN

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

      Michigan state prisoner Aaron D. Mitchell has initiated a proceeding by filing a motion for relief from judgment under Fed. R. Civ. P. 60(b). Mitchell is incarcerated pursuant to convictions rendered in Kent County Circuit Court for first-degree murder and unlawfully driving away an automobile. In his motion, Mitchell seeks relief from a state court judgment denying his motion for fraud. The motion for fraud challenged the state court's handling of a collateral appeal of his criminal convictions.

      First, Petitioner cannot commence a civil action by filing a motion. Federal Rule of Civil Procedure 3 provides that a civil action is commenced by filing a complaint. *See Jones v. Regional Office BOP,* 182 F. App'x 135 (3d Cir. June 5, 2006) (holding that a federal lawsuit cannot be initiated without the filing of a complaint under Fed. R. Civ. P. 3); *Gibson v. Department of Corrections*, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) (holding that a motion is insufficient to commence an action in federal court).

Moreover, Petitioner cannot challenge a state court judgment and sentence pursuant to Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 1; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  Rule 60(b) only provides a federal district court with subject matter jurisdiction over requests for relief from the federal district court's own decisions; it does not give the court jurisdiction to relieve a party from state court judgments.  *See Holder v. Simon*, 384 Fed.Appx. 669, 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *Goodwin v. Home Buying Inv. Co.*, Inc., 352 F.Supp. 413, 416 (D.D.C.1973) (noting that "reliance" on Rule 60(b) "is misplaced where the judgment from which a party seeks relief was not a judgment of the court in which relief is sought").  The Court lacks authority to review state court judgments and the motion is denied.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (explaining that a federal district court has no authority to review state court judgments); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding that district courts do not have appellate jurisdiction over state courts).

Accordingly, the Court **DENIES** the Motion for Relief from Judgment and the matter is **DISMISSED**.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: November 4, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135