UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON D. MITCHELL,

Petitioner, No. 13-CV-14381

vs. Hon. Gerald E. Rosen

RANDALL HAAS, WARDEN,

Respondent.
_______________________________/

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION, DENYING APPLICATION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES, AND DENYING REQUEST FOR CERTIFICATE OF APPEALABLILTY AND APPOINTMENT OF COUNSEL

On November 4, 2013, the Court entered an Opinion and Order denying Petitioner's "Motion for Relief from Judgment." A Judgment of Dismissal was entered that same date. Petitioner thereafter filed a Motion for Reconsideration, and on the same date filed (1) a Notice of Appeal, (2) an Application for Leave to Proceed on Appeal *in forma pauperis* (i.e., without prepayment of fees), and (3) a Request for a Certificate of Probable Cause/Certificate of Appealability and for Appointment of Counsel.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(g), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that

correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g). *See also Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc*., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion to amend or alter judgment explaining that such motions "are not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id*. (internal quotation omitted)).

Petitioner Mitchell's motion for reconsideration does just that -- it presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Mitchell has not shown a "palpable defect" by which the Court has been misled. Therefore, Mitchell's Motion for Reconsideration will be DENIED.

The Court next turns to Petitioner's Request for a Certificate of Appealability and his Application for Leave to Proceed on Appeal *in forma pauperis.*

Before Petitioner may appeal the Court's November 4, 2013 decision, he must obtain a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. Petitioner has not made a substantial showing of the denial of a constitutional right as to his claim. Accordingly, a certificate of appealability will be **DENIED**.

The Court also denies Petitioner permission to proceed on appeal *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The United States Supreme Court has interpreted "good faith" as stated in Section 1915 to mean "not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445–46, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

After a thorough review of Petitioner's "Motion for Relief from Judgment," this Court's Order and Judgment of November 4, 2013, and the entire record of this matter,

this Court makes the finding that any appeal from the Court's decision would be frivolous. As indicated, Plaintiff failed to demonstrate the violation of any discernable constitutional right. Under these circumstances, it is clear that an appeal from the November 4, 2013 Order and Judgment could not be taken in good faith, accordingly, pursuant to 28 U.S.C. § 1915(a), such an appeal may not be taken *in forma pauperis*.[1]

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration **[Dkt. # 11]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Request for a Certificate of Probable Cause/Certificate of Appealability and Appointment of Counsel **[Dkt. # 10]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Application to Proceed on Appeal Without Prepayment of Fees **[Dkt. # 8]** is DENIED.

Dated: December 5, 2013

s/Gerald E. Rosen
Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

[1] The Court having denied both Petitioner's Request for a Certificate of Appealability and his Application for Leave to Proceed on Appeal *in forma pauperis*, Petitioner's Request for Appointment of Counsel is denied as MOOT.